UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**LUTHER O. REED, SR.**  **CIVIL ACTION NO. 3:13-cv-0534**
      LA. DOC #345740
VS.  **SECTION P**

  **JUDGE JAMES T. TRIMBLE, JR.**

**WARDEN ALVIN JONES, ET AL.**  **MAGISTRATE JUDGE KAREN L. HAYES**

REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, plaintiff Luther O. Reed, Sr., filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (DOC); he is incarcerated at either the River Bend Detention Center (RBDC) or the nearby East Carroll Detention Center (ECDC), Lake Providence, Louisiana. Plaintiff sues Warden Jones, Asst. Warden Johnny Hedgeman, Captain Renee Jones, and Captain Robert A. Russell because they refused his request for a transfer to a prison closer to his family. Plaintiff prays for a transfer, for punitive damages, and for "sanctions." This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

*Background*

Petitioner is an inmate in the custody of the Louisiana DOC. He is serving a sentence of 9 years and 3 months imposed by the Fourth Judicial District Court, Ouachita Parish following his conviction for aggravated battery. *See State of Louisiana v. Luther O'Neal Reed*, 43,906 (La. App. 2 Cir. 2/25/2009), 4 So.3d 273. Plaintiff complains that the defendants have refused his numerous requests to be transferred to a prison closer to his family. He asks the Court to order

his transfer to some unspecified prison, and he asks for an award of punitive damages and the imposition of "sanctions."

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Transfer*

Plaintiff implies that the defendants – corrections officials at the RBDC or the nearby ECDC – have violated his Constitutional rights by refusing to transfer him to a prison facility closer to his family. Plaintiff is an inmate in the custody of the DOC. Under Louisiana law, "any individual subject to confinement in a state adult penal or correctional institution shall be

committed to the Louisiana Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. <u>The director of corrections shall assign each newly committed inmate to an appropriate penal or correctional facility. The director may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training and security needs established by the department</u>..." La. R.S.15:824(A).

  Plaintiff is a DOC inmate and therefore his placement is solely within the purview of the DOC. Broad discretionary authority must be afforded to prison administrators because the administration of a prison is "at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974) To hold that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948).

  Prisoners simply do not have a constitutionally derived liberty interest in being held in any particular institution. *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984); *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La. 2000).

  This claim is frivolous.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, May 9, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE